**Albert GARZA, Petitioner-Appellant,**

**v.**

**UNITED STATES of America,
Respondent-Appellee.**

**No. 75–2368.**

United States Court of Appeals,
Fifth Circuit.

April 30, 1976.

Albert Garza, pro se.

John Clark, U. S. Atty., San Antonio, Tex., William B. Hardie, Jr., El Paso, Tex., for respondent-appellee.

## ON PETITION FOR REHEARING

Before COLEMAN, AINSWORTH and SIMPSON, Circuit Judges.

COLEMAN, Circuit Judge.

Heretofore, in an unpublished opinion dated October 16, 1975, we dismissed this appeal from the denial of 28 U.S.C. § 2255 relief because it was neither filed within sixty days from the filing of the judgment nor had there been an extension of time upon a showing of excusable neglect.

Garza, a prisoner at Leavenworth, has petitioned for rehearing, alleging that he did not receive a copy of the order denying 28 U.S.C. § 2255 relief until May 10, 1975, after he had initiated inquiries concerning the matter. The order had been entered on February 13, 1975.

This Court directed the government to respond to this allegation. The government has been unable to state as a matter of fact when the notice of denial was actually sent by mail to Garza after the entry of the denial.

We, therefore, grant the petition for rehearing and allow Garza an out-of-time appeal.

Garza is seeking to overturn a life sentence for killing a bank officer by shooting him in the back during the course of an attempted bank robbery.

We have carefully examined the record in this case, particularly a transcript of the proceedings when Garza entered his plea of guilty. It would be difficult to imagine a more thorough, comprehensive explanation of his rights than that given him prior to his plea. Garza was then sworn. He related in detail how he, armed with a .45 calibre pistol and a fake bomb, accosted Mr. Rogers, an officer of the Border City Bank in El Paso, as that individual came to open the bank at 7:40 in the morning and how he killed Mr. Rogers by shooting him in the back as he tried to flee out the door. The Court was then informed that in Garza's efforts to escape the robbery scene he fired at a police officer, who was responding to an alarm from the bank, and was himself shot. Garza agreed that this also took place.

The Court then addressed Garza and informed him that he could not take a plea based on promises or threats and asked him if his plea was voluntary. Garza assured the Court that his plea was voluntary.

Count I of the indictment was dismissed. He was given a life sentence for killing Mr. Rogers (Count II). He was given twenty five years (consecutive) for his affray with the police officer while seeking to escape from the scene of the robbery (Count III).

On a prior § 2255 proceeding this Court vacated the twenty five year sentence, *Garza v. United States,* 5 Cir., 1974, 498 F.2d 1066.

Garza now alleges an unkept plea bargain, asserting that there was an agreement that the sentence on Count III would be concurrent to that assigned on Count II (which he knew could be for life) and that he would not be prosecuted by the State of Texas. The record shows that he was indicted by a state grand jury, but that indictment was dismissed on the argument that he had been promised that there would be no state prosecution. Thus, if there was a plea bargain Garza has now received *more* than he bargained for. His sentence on Count III is not concurrent; it has been vacated. The state indictment was dismissed. Garza does not deny that he intended all along to plead guilty to killing Mr. Rogers and he certainly knew that he could get a life sentence for that. That is the only sentence now outstanding. It represents no invasion of Garza's federally guaranteed rights. He should be thankful that shooting a man in the back and killing him in the course of a bank robbery was not punishable by death under the applicable jurisprudence prevailing at the time he committed this heinous crime.

He further claims that he was denied the effective assistance of counsel and

that he was not sentenced in compliance with Rule 11 of the Federal Rules of Criminal Procedure. An examination of the record shows these contentions to be frivolous.

 That Garza may have mistakenly been told by his retained counsel that he could lawfully receive the twenty five year sentence does not invalidate his plea to Count II, *United States v. Woodall,* 5 Cir., 1971, 438 F.2d 1317, *cert. denied* 403 U.S. 933, 91 S.Ct. 2262, 29 L.Ed.2d 712. That Garza's counsel did all that could be done in behalf of a hopeless case is quite evident from the record.

As to the Rule 11 proceedings, see *United States v. Barrett,* 5 Cir., 1975, 514 F.2d 1241; *Frank v. United States,* 5 Cir., 1974, 501 F.2d 173; *Bryan v. United States,* 5 Cir., 1974, 492 F.2d 775.

The judgment of the United States District Court, denying § 2255 relief, is AFFIRMED.

Brown, Chief Judge, filed a specially concurring opinion.

Gewin, Circuit Judge, filed a specially concurring opinion in which Thornberry, Circuit Judge, joined.

Gee, Circuit Judge, filed a specially concurring opinion.