**UNITED STATES of America, Appellee,**

v.

**Thomas A. RODRIGUE, Appellant.**

**No. 76–1868.**

United States Court of Appeals, Eighth Circuit.

Dec. 1, 1976.

Appeal dismissed.   See 547 F.2d 1173.

Thomas A. Rodrigue, pro se.

Robert G. Renner, U.S. Atty., Minneapolis, Minn., for appellee.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

Rodrigue appeals from an order of the district court [1] denying appellant relief under 28 U.S.C. § 2255.[2] Rodrigue's action is based on the premise that at the time of his plea and sentence he had not been properly advised of the existence of a special parole term mandatorily imposed under 21 U.S.C. § 841(b)(1)(B) for drug offenses. Rodrigue also alleges that his total sentence exceeded his "plea bargain."

 It appears that no mention was made of the mandatory special parole term by the court to Rodrigue. Concededly, a Fed.R.Crim.P. 11 error was made as a result of this omission as pointed out by this court's holding in *United States v. Richardson*, 483 F.2d 516 (8th Cir. 1973). However, Rodrigue indicated affirmatively on three occasions in response to questions of both the Assistant United States Attorney and the court that he understood that the maximum penalty which could be imposed as a result of his plea of guilty was five years incarceration and/or $15,000 fine. The district court ultimately sentenced Rodrigue to imprisonment for a period of 30 months and a special parole term of 2 years. Even if the two-year special parole term were to materialize, the maximum period of incarceration would be four years and six months. This is six months less than the maximum for which he had bargained. Consequently, we find there is no prejudice. *See McRae v. United States*, 540 F.2d 943 (8th Cir. 1976).

Furthermore, Rodrigue was fully advised at the time of the plea procedure that the court would order a presentence investigation and might well reject the Assistant United States Attorney's recommendation of imprisonment not to exceed three years. This, coupled with the fact that Rodrigue indicated on three occasions that he understood that the maximum penalty which could be imposed was five years incarceration, clearly shows that Rodrigue

understood he faced a possible five year incarceration term as a consequence of the plea. Therefore, Rodrigue's allegation that his total sentence exceeded his "plea bargain" is frivolous. Accordingly, we find the appeal is lacking in merit and deny the motion for appointment of counsel. The appeal is dismissed pursuant to Rule 9(a) unless petitioner within 15 days has shown good cause to the contrary.

---

1. The Honorable Donald D. Alsop, United States District Judge for the District of Minnesota.

2. This appeal comes before us on a motion for appointment of counsel.