**UNITED STATES of America, Appellant,**

v.

**Michael KATTOU and Joseph Maggio, Appellees.**

No. 76–1548.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 14, 1977.

Decided Feb. 3, 1977.

Bert C. Hurn, U. S. Atty., and Jerome M. Feit and Mervyn Hamburg, Dept. of Justice, Washington, D. C. on brief for appellant.

Daniel J. Matula and Leonard S. Hughes, III, Kansas City, Mo., on brief for appellees.

Before LAY and ROSS, Circuit Judges, and WANGELIN, District Judge.*

ROSS, Circuit Judge.

This is an appeal by the government from an order of the district court granting the petitioners' motion to vacate their sentences

under 28 U.S.C. § 2255. We vacate the order and remand for further proceedings.

On February 11, 1974, pursuant to guilty pleas, the petitioners were convicted of one count of conspiracy to distribute cocaine. Petitioner Kattou also pleaded guilty to a substantive count of distributing cocaine. On May 3, 1976, over two years after sentencing, the petitioners filed this § 2255 petition seeking to vacate their guilty pleas on the ground that, at the time their pleas were accepted, they were not advised of the existence of a mandatory special parole term imposed for drug offenses under 21 U.S.C. § 841(b)(1)(A). On June 21, 1976, the district court granted the motion relying on our decision in *United States v. Richardson*, 483 F.2d 516, 518 (8th Cir. 1973).[1]

█  In *McRae v. United States*, 540 F.2d 943, 945–947 (8th Cir. 1976), *cert. denied*, —— U.S. ——, 97 S.Ct. 750, 50 L.Ed.2d 759 (1977), decided subsequent to the order under review, we held that the failure to disclose the existence of a special parole term is not subject to collateral review absent indicated prejudice to the § 2255 petitioner. *See also United States v. Ortiz*, 545 F.2d 1122 (8th Cir. 1976) (per curiam); *United States v. Rodrigue*, 545 F.2d 75 (8th Cir. 1976) (per curiam). The appropriate inquiry in determining such prejudice is whether the asserted error of law was " * * * a fundamental defect in the proceedings which inherently resulted in a complete miscarriage of justice and presented exceptional circumstances that justify collateral relief[.]" *McRae v. United States, supra*, 540 F.2d at 947. *Accord Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974). In *McRae*, we found no prejudice because the transcript of the § 2255 hearing revealed: 1) the petitioner had actively participated with his attorney in formulating his plea bargain; 2) the petitioner understood the maximum sentence he faced as a conse-

---

* H. Kenneth Wangelin, United States District Judge for the Eastern District of Missouri, sitting by designation.

1. In *Richardson*, a § 2255 proceeding, we held that the special parole term was a consequence of the guilty plea about which a defendant must be advised under Fed.R.Crim.P. 11. *Unit-*

quence of the plea; 3) the petitioner actually received a sentence, including the three year special parole term, which was less than the maximum he had bargained for; [2] 4) the petitioner was not concerned that his future parole violations might have special consequences; 5) the petitioner was advised of the special parole term at his first sentencing, which was subsequently vacated; thus, petitioner had "ample opportunity" to discuss the special parole term with his attorney before resentencing; and 6) McRae had waited a full year before asserting error under § 2255, thus prejudicing the government's case on retrial.

■ The order under review was entered before our decision in *McRae*. Because the district court felt bound by the automatic prejudice rule of *United States v. Richardson, supra*, 483 F.2d at 518, the record is understandably undeveloped on the issue of prejudice. No hearing was held in the court below. The motion and the files and records do not conclusively show that the petitioners are not entitled to relief under § 2255.[3] Under these circumstances, the petitioners are entitled to a hearing on the issue of prejudice in light of the factors enumerated in *McRae*.

The judgment is vacated and the cause is remanded for further proceedings consistent with this opinion.

ed States v. Richardson, 483 F.2d 516, 518 (8th Cir. 1973).

2. *See Bachner v. United States*, 517 F.2d 589, 597 (7th Cir. 1975).

3. Indeed, the transcript of the guilty plea hearing shows that petitioners were not then advised by the court of the maximum sentence to which they were exposed by reason of their guilty pleas, although they were so advised at the beginning of the sentencing hearing. Nor does the record show whether the petitioners were made aware of the maximum sentence by another source before they pleaded guilty, although the government's response to a show cause order alleges that the petitioners were informed of the maximum penalty by defense counsel before they pleaded guilty. They *were* so informed by the government attorney at the beginning of the sentencing hearing and made no attempt to withdraw their pleas at that time. We direct the district court to make specific findings on remand as to whether the petition-

ers were aware, from any source, of the maximum sentence at the time they entered their guilty pleas and, if not, whether the lack of such knowledge rendered their pleas unintelligent. This procedure has been followed in several cases. *See, e. g., Kotz v. United States*, 353 F.2d 312, 314–315 (8th Cir. 1965); *Marvel v. United States*, 380 U.S. 262, 85 S.Ct. 953, 13 L.Ed.2d 960 (1965) (per curiam), *vacating* 335 F.2d 101, 102 (5th Cir. 1964). We emphasize that the applicable test is whether this error " * * * was 'a fundamental defect which inherently results in a complete miscarriage of justice,' and whether '[i]t . . . present[s] exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent.'" *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109 (1974), *quoting Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962).