Craig A. SCHRIEVER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 76–1816.

United States Court of Appeals, Eighth Circuit.

Submitted April 11, 1977.
Decided April 18, 1977.

**2.** This material is contained in the supplemental appendix by attorneys for Holten.

Jon A. Fosheim, Jr., Rapid City, S. D., for appellant.

William F. Clayton, U. S. Atty., Sioux Falls, S. D., and Brian D. Hagg, Asst. U. S. Atty., Rapid City, S. D., for appellee.

Before HEANEY, ROSS and HENLEY, Circuit Judges.

PER CURIAM.

Craig A. Schriever appeals the District Court's denial of his motion under 28 U.S.C. § 2255 to vacate his conviction. We affirm.

Schriever pled guilty on July 3, 1975, to distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1) and was sentenced to a term of four years in prison. On July 12, 1976, he filed a § 2255 motion seeking to withdraw his guilty plea, alleging *inter alia* that he had been misinformed of the maximum sentence which could be imposed and that, therefore, his guilty plea was not knowingly and intelligently entered. He further alleged that the District Court failed to comply with Rule 11 of the Federal Rules of Criminal Procedure because it accepted his guilty plea without first determining whether he was aware of the maximum possible sentence.

The District Court held an evidentiary hearing at which the following pertinent facts were introduced. At the arraignment, the Assistant United States Attorney erroneously advised Schriever that the maximum possible sentence for the offense of which he was accused was fifteen years imprisonment or a $25,000 fine, or both. In fact, the maximum sentence was five years imprisonment or a $15,000 fine, or both. Schriever testified that although he could not remember what had been said at the arraignment, he did recall that he had been advised by his court-appointed counsel that the maximum sentence was fifteen years. He also testified that he was unaware that the maximum penalty was five years until the guilty plea proceeding, and then only after his guilty plea had been accepted. Schriever's court-appointed attorney testified on the other hand that he and Schriever discussed the maximum penalty at his office prior to Schriever's guilty plea, that there was never any question in his mind that the maximum penalty was five years and that he did not believe he ever told Schriever that the maximum penalty was fifteen years. At the guilty plea proceeding, the court did not question Schriever as to his understanding of the maximum sentence. However, after the court accepted the guilty plea, the Assistant United States Attorney questioned Schriever regarding his awareness of the correct maximum sentence in the following exchange:

MR. MILLIGAN: Prior to our adjournment, may I address a couple of questions to the Defendant to ascertain whether he understands the maximum punishment if he is sentenced as an adult offender?

THE COURT: I think that was taken care of at the arraignment, but you may ask that at this time, too.

MR. MILLIGAN: Mr. Schriever, do you understand if you are sentenced as an adult offender that the maximum punishable amount would be a term of five years in the custody of the Attorney General; that is, five years imprisonment, and a fine of $15,000?

THE DEFENDANT: Yes, sir.

MR. MILLIGAN: Do you understand that?

THE DEFENDANT: Yes.

The District Court, after considering this evidence, denied Schriever's § 2255 motion, finding that Schriever had not been incorrectly advised by his appointed counsel as to the maximum possible penalty and, therefore, had not been misled by the erroneous information imparted to him by the government's attorney at the arraignment. The court also held that although Rule 11 had not been complied with since the court did not question Schriever with respect to his understanding of the maximum possible sentence, the error was not "[a] fundamental defect inherently resulting in a complete miscarriage of justice," quoting *McRae v. United States*, 540 F.2d 943, 945–946 (8th Cir. 1976).

 We affirm both of the District Court's determinations. First, we find that the District Court's determination that Schriever was not misinformed of the maximum possible sentence is not clearly erroneous. Schriever's counsel testified that he discussed the possible penalty with Schriever and that he was never mistaken as to the maximum penalty which could be imposed. Schriever himself stated at the guilty plea proceeding that he understood that the maximum penalty was five years in prison and a fine of $15,000.

 Second, we agree that although the court did not comply with Rule 11 since it failed to determine that Schriever was aware of the maximum possible sentence prior to accepting his guilty plea, the court's error does not necessitate granting Schriever the relief he seeks. The District Court properly applied our decision in *McRae v. United States, supra*, where he held that in accordance with the principles announced by the Supreme Court in *Davis v. United States*, 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974), noncompliance with the formal requirements of Rule 11 is within the purview of § 2255 only if the noncompliance results in prejudice to the petitioner. We stated that

> under *Davis* the ultimate question to be determined is this: was there a fundamental defect in the proceedings which

inherently resulted in a complete miscarriage of justice and presented exceptional circumstances that justify collateral relief.

*McRae v. United States, supra* at 947.

 The District Court properly found no such fundamental defect. So long as Schriever was aware of the maximum penalty at the time he pleaded guilty, the District Court's failure to question him as to his awareness of the maximum penalty prior to accepting his plea of guilty cannot be said to constitute a fundamental defect resulting in a complete miscarriage of justice.

The judgment is affirmed.