**UNITED STATES of America, Appellee,**

v.

**Willie TURNER, Appellant.**

**No. 77–1868.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 6, 1978.

Decided April 13, 1978.

---

Robert E. Lipscomb, Paralegal Asst. of Counsel, on brief, for appellant; Willie Turner, pro se.

Andrew W. Danielson, U.S. Atty. and Daniel M. Scott, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

Willie Turner appeals the District Court's denial of his post-conviction motion to withdraw his plea of guilty. We affirm.

On January 28, 1977, Turner pled guilty to one count of possessing heroin, with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The penalty for violation of 21 U.S.C. § 841(a)(1) is imprisonment for not more than fifteen years, a fine of not more than $25,000, or both, and a mandatory special parole term of at least three years. A mandatory special parole term of life is possible. Turner was sentenced to imprisonment for ten years and a special parole term of five years. Turner filed pro se motions in the District Court to allow him to withdraw his guilty plea, pursuant to Fed.R.Crim.P. 32(d), and to correct an illegal sentence, pursuant to Fed.R.Crim.P. 35. The motions, as well as a subsequent motion for reconsideration, were denied by the District Court without an evidentiary hearing. This appeal followed. Turner asserts on appeal that the District Court erred in refusing to hold an evidentiary hearing, and in refusing to resentence him or to allow him to withdraw his guilty plea because the court failed to advise him of the maximum penalty provided by law in compliance with Fed.R.Crim.P. 11.

The only deficiency of the guilty plea hearing was the failure to advise Turner that he could possibly receive a maximum special parole term of life. However, Turner was told that he could receive a maximum sentence of fifteen years and a mandatory special parole term of at least three years. The District Court sentenced Turner to imprisonment for ten years and a special parole term of five years. Even if the five-year special parole term was to materialize, the maximum period of incarceration would be fifteen years. This is equal to the maximum period of imprisonment for which he had bargained. It is less than the maximum sentence of fifteen years imprisonment and special parole term of at least three years for which he had bargained.

We agree with the District Court that the failure to advise Turner of the possible maximum life special parole term did not prejudice Turner and does not constitute the "manifest injustice" necessary under Fed.R.Crim.P. 32(d) to allow withdrawal of the guilty plea. This Court has denied relief in similar cases arising under 28 U.S.C. § 2255.[1] *United States v. Ortiz*, 545 F.2d

---

1. The Ninth Circuit has stated that,

   we doubt that the "manifest injustice" standard [of Fed.R.Crim.P. 32(d)] is any more rigorous than, or differs from, that which

would entitle a prisoner to relief under 28 U.S.C. § 2255; we see little sense in denying a post-judgment attack made under Rule 32(d) where the prisoner would be entitled to

1122 (8th Cir. 1976); *United States v. Rodrigue,* 545 F.2d 75 (8th Cir. 1976); *McRae v. United States,* 540 F.2d 943 (8th Cir. 1976), *cert. denied,* 429 U.S. 1045, 97 S.Ct. 750, 50 L.Ed.2d 759 (1977).

The judgment of the District Court is affirmed.

relief, and could return in a subsequent proceeding to request it, under § 2255.

*United States v. Harris,* 534 F.2d 141 n. 1 (9th Cir. 1976).