**Lee Jackson KEEL, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 77-2019.**

United States Court of Appeals, Fifth Circuit.

Nov. 30, 1978.

Lee Jackson Keel, pro se.

Frank S. Buck, Birmingham, Ala. (Court-appointed), for petitioner-appellant.

J. R. Brooks, U. S. Atty., George C. Batcheler, Asst. U. S. Atty., Birmingham, Ala., Katherine Winfree and T. George Gilinsky, Washington, D. C., for respondent-appellee.

Before BROWN, Chief Judge, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, CLARK, RONEY,

GEE, TJOFLAT, HILL, FAY, RUBIN and VANCE, Circuit Judges.

RONEY, Circuit Judge:

This case involves the question of whether a federal prisoner can successfully attack his guilty plea in a habeas corpus proceeding on the ground that Rule 11, Fed.R. Crim.P., was not literally complied with at the time the plea was accepted by the district court, even though noncompliance with Rule 11 resulted in no prejudice to the defendant. Following what it conceived to be the controlling precedents of this Circuit, a panel of this Court reversed the denial of a petition for writ of habeas corpus, applied a *per se* rule that noncompliance with the literal requirement of Rule 11 invalidates a guilty plea, and held that defendant Keel should be permitted to plead anew. *Keel v. United States*, 572 F.2d 1135 (5th Cir. 1978).

After *en banc* consideration, this Court now rejects the principle of law followed by the panel. In doing so, we carefully note that this case involves a collateral attack under § 2255. Some of the cases cited in the *Keel* opinion were direct appeals. The principles of law applied in this case apply only to a collateral attack on a guilty plea and not to a direct appeal from the guilty plea conviction.

Keel was indicted for attempted bank robbery [18 U.S.C.A. § 2113(a)], and for jeopardizing the life of a bank employee by the use of a dangerous weapon during the course of the attempted robbery [18 U.S.C.A. § 2113(d)]. Having initially pled not guilty, Keel indicated on the day set for trial, February 5, 1976, that he might change his plea to guilty.

█ Counsel informed the judge that under the terms of the plea bargain agreement they had reached, the prosecutor would recommend a 12-year sentence on a plea of guilty and would not oppose a 10-year sentence. The court accepted the plea and imposed the recommended 12-year sentence. During the Rule 11 hearing to take the plea, however, the judge inadvertently informed Keel that the maximum sentence which could be imposed upon conviction was 45 years imprisonment, rather than 25 years. The judge had computed the maximum potential sentence by adding the maximum for violating 18 U.S.C.A. § 2113(a), which is $5,000 and twenty years imprisonment, to the maximum for violating § 2113(d), which is $10,000 and twenty-five years. This was clearly incorrect. While a defendant can be convicted on multiple subsections of § 2113, he may only receive a penalty under one subsection; that is, he may receive no more than the maximum sentence allowed under the subsection with the greatest penalty. *Sullivan v. United States*, 485 F.2d 1352, 1353–1354 (5th Cir. 1973). This prevents pyramiding of sentences for what is really a single offense with varying aggravating factors.

No appeal was taken. In May 1976, Keel moved for a reduction or modification of sentence. This motion was denied on May 31, 1976.

On February 17, 1977, just over a year after sentencing, Keel brought this habeas corpus proceeding to set aside that sentence. 28 U.S.C.A. § 2255. The district court dismissed Keel's motion to vacate the sentence in a thoroughly reasoned memorandum opinion holding that the unintentional mistake at the time of sentencing as to maximum punishment did not affect Keel's plea. The district court recognized that by informing Keel that he could receive 45 years, rather than 25 years, it had not literally complied with Rule 11, Fed.R. Crim.P. which requires

(c) *Advice to Defendant*. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:

(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law . . . . .

The court then found, and the record supports against the clearly erroneous standard of review, the following facts: the

mistake on the part of the judge was unintentional; defendant was not threatened, directly or indirectly with a 45-year sentence should he not plead guilty; the erroneous advice occurred after Keel had indicated through his counsel a desire to plead guilty; the erroneous information did not influence defendant to change his plea from not guilty to guilty; and the defendant actually received the 12-year sentence for which he had bargained.

■ Under these circumstances, we reject the application of a *per se* rule, which would permit the defendant to withdraw his plea merely because the district court had not literally complied with the requirements of Rule 11, Fed.R.Crim.P.

Rule 11 was changed in 1975 in such a way as to permit this Court, on direct appeals, to apply a *per se* rule requiring literal compliance with the language of the rule for the taking of a valid guilty plea. *See Government of Canal Zone v. Tobar T.,* 565 F.2d 1321 (5th Cir. 1978). This *per se* rule was contrary to the prior law of this Circuit which held that erroneous maximum sentence information would not invalidate a guilty plea where it did not influence the defendant to make the plea. *United States v. Woodall,* 438 F.2d 1317 (5th Cir. 1970), *cert. denied,* 403 U.S. 933, 91 S.Ct. 2262, 29 L.Ed.2d 712 (1971). Just as the prior opinions of the court required a demonstration of prejudice from the non-literal compliance with the former Rule 11 on direct appeals, the collateral attack cases under that rule also required a showing of prejudice for relief. *Garza v. United States,* 530 F.2d 1208 (5th Cir. 1976).

In this case, the *en banc* court expresses no opinion whatsoever on those panel decisions which impose a *per se* rule on direct appeal. No direct appeal is involved here.

■ Regardless of what principle of law is applied in direct appeals, we hold that when a collateral attack is made on a guilty plea for failure of the district court to literally comply with new Rule 11, the defendant must show prejudice in order to qualify for § 2255 relief. In the absence of

a fundamental defect which inherently results in the miscarriage of justice, or an omission inconsistent with the demands of fair procedure, relief cannot be given in a collateral attack on a guilty plea conviction based on failure of Rule 11 compliance when the plea was taken.

*Davis v. United States,* 417 U.S. 333, 346, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109 (1974), appropriately states the standard for consideration of a § 2255 motion:

> This is not to say, however, that every asserted error of law can be raised on a § 2255 motion. In *Hill v. United States,* 368 U.S. 424, 429, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962), for example, we held that "collateral relief is not available when all that is shown is a failure to comply with the formal requirements" of a rule of criminal procedure in the absence of any indication that the defendant was prejudiced by the asserted technical error. We suggested that the appropriate inquiry was whether the claimed error of law was "a fundamental defect which inherently results in a complete miscarriage of justice," and whether "[i]t . . . present[s] exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent." *Id.,* at 428, 82 S.Ct. at 471 (internal quotation marks omitted). . . ."

In *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962), cited in *Davis,* the Supreme Court said:

> The failure of a trial court to ask a defendant represented by an attorney whether he has anything to say before sentence is imposed is not of itself an error of the character or magnitude cognizable under a writ of habeas corpus. It is an error which is neither jurisdictional nor constitutional. It is not a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure. It does not present "exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent." *Bowen v. Johnston,* 306 U.S. 19, 27, 59

S.Ct. 442, 83 L.Ed. 455. See *Escoe v. Zerbst,* 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566; *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; *Walker v. Johnston,* 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830; *Waley v. Johnston,* 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302.

■ As Judge Coleman stated in *Howard v. United States,* 580 F.2d 716 (5th Cir. 1978) (a case involving Rule 11 prior to the 1975 amendments):

The readily apparent teaching of *Davis* is that while certain nonconstitutional errors of law are within the coverage of § 2255 not every such error can be raised on a § 2255 motion; in other words, such errors are not to be held fatal on a *per se* basis. The foremost requirement is that there must be an indicated prejudice to the defendant and the claimed error must have been a fundamental defect which *inherently* results in a miscarriage of justice, presenting exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.

■ On a petition for habeas corpus relief, the *Howard* principles applied to the old Rule 11 are likewise to be applied to guilty pleas taken under the amended Rule 11. On the findings of the district court enumerated above, the defendant has not shown that the failure to literally comply with Rule 11 was jurisdictional, unconstitutional, so fundamentally defective as to result in a complete miscarriage of justice, or inconsistent with rudimentary demands of fair procedure. With no indication that he was prejudiced by the asserted technical error, the defendant has not shown the exceptional circumstances required for relief by a writ of habeas corpus.

AFFIRMED.

1. *See also United States v. Coronado,* 5 Cir. 1977, 554 F.2d 166, 173–74, *cert. denied,* 1977, 434 U.S. 870, 98 S.Ct. 214, 54 L.Ed.2d 149; *United States v. Scharf,* 8 Cir. 1977, 551 F.2d 1124, 1129, *cert. denied,* 1977, 434 U.S. 824, 98 S.Ct. 70, 54 L.Ed.2d 81.

ALVIN B. RUBIN, Circuit Judge, with whom CHARLES CLARK and TJOFLAT, Circuit Judges, join concurring:

I concur both in the result reached, and in the Court's decision, when Rule 11 noncompliance has been shown, to distinguish collateral attacks under § 2255 from direct appeals. However, because a major purpose of the Rule, as amended in 1975, was prophylactic, *e. g., United States v. Clark,* 5 Cir. 1978, 574 F.2d 1357, 1358,[1] the validity of a test dependent on the manner in which, or the time when, the transgression is asserted, is not self-evident. I would, therefore, not merely adopt the formula used in considering a collateral attack on a conviction obtained in a trial infected by other kinds of procedural error, and I would define the "prejudice" standard more precisely.

Since *McCarthy v. United States,* 1969, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418, strict compliance with Rule 11 has been exacted on the theory that "prejudice inheres in a failure to comply with Rule 11, for noncompliance deprives the defendant of the Rule's procedural safeguards that are designed to facilitate a more accurate determination of the voluntariness of his plea." 394 U.S. at 471–72, 89 S.Ct. at 1173, 22 L.Ed.2d at 428. Although *McCarthy* involved a direct appeal, there is nothing in the language of the decision circumscribing its impact.

The Supreme Court's later decision in *Davis v. United States,* 1974, 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109, did not involve Rule 11, but we are not the first to consider its possible effect on the *McCarthy* doctrine; other circuits that have done so have diverged widely on whether, in Rule 11 cases, *Davis* requires that some sort of harm or prejudice be shown as a basis for collateral attack under § 2255. The First,[2]

2. *See United States v. Yazbeck,* 1 Cir. 1975, 524 F.2d 641, 643 ("we are not disposed to find the error [of the trial judge in failing to ascertain that the defendant understood the possible punishment] harmless"); *but see United States v. Tursi,* 1 Cir. 1978, 576 F.2d 396, 399 (failure to advise defendant that he was waiving the privilege against self-incrimination "does not

Third,[3] Sixth,[4] and Ninth [5] Circuits seem to set aside a guilty plea even in the absence of any detriment to the petitioner if he shows that the rule was not literally followed, while the Second,[6] Fourth,[7] Seventh,[8] Eighth,[9] Tenth,[10] and D.C.[11] Circuits have each analyzed *Davis* and made a distinction similar to the one we draw today.

Our opinion properly subordinates the administrative convenience of a per se rule, and requires case-by-case analysis in dealing with Rule 11 problems in the future. In this case, the petitioner has shown no possible injury of any kind as a result of noncompliance, and my brethren have, therefore, concluded that we should not discuss what need be demonstrated in order to prevail. Although I agree that obiter dicta should ordinarily be avoided, I am concerned lest the language we adopt prove more confusing than beneficial to lower courts and, perhaps, even to panels of this court, attempting to understand our decision and apply it in future cases.[12] The issue is important and, unfortunately, recurrent. Of necessity, we sit infrequently en banc. Therefore, in the interest of clari-

rise to the level of prejudicial error"). Neither case discusses the impact of *Davis*.

3. *See Roberts v. United States,* 3 Cir. 1974, 491 F.2d 1236 (granting § 2255 relief without mentioning *Davis* or *McCarthy*).

4. *Timmreck v. United States,* 6 Cir. 1978, 577 F.2d 372, 377 ("a Rule 11 violation is per se prejudicial"). This is the only case to reject explicitly the *Davis* approach in Rule 11 cases.

5. *See Yothers v. United States,* 9 Cir. 1978, 572 F.2d 1326; *Bunker v. Wise,* 9 Cir. 1977, 550 F.2d 1155. *Cf. United States v. Harris,* 9 Cir. 1976, 534 F.2d 141 (failure to advise defendant of special parole term constitutes "manifest injustice" under F.R.Cr.P. 32(d) warranting withdrawal of guilty plea). *But cf. Sanchez v. United States,* 9 Cir. 1977, 572 F.2d 210, 211 (revocation of parole is a "collateral", not a "direct" consequence of guilty plea, and need not be discussed by judge under Rule 11(c)(1)). *Davis* was not discussed in any of these opinions.

6. *Del Vecchio v. United States,* 2 Cir. 1977, 556 F.2d 106, 111 ("a defendant must at least show prejudice affecting the fairness of the proceedings or the voluntariness of the plea in order to succeed in a collateral attack").

7. *United States v. White,* 4 Cir. 1978, 572 F.2d 1007, 1009, quoting *Davis* and *Hill* (" 'the appropriate inquiry was whether the claimed error of law was a "fundamental defect which inherently results in a complete miscarriage of justice" ' ").

8. *Bachner v. United States,* 7 Cir. 1975, 517 F.2d 589, 592–3 ("the court must determine whether the error was of sufficient magnitude to amount to 'a fundamental defect which inherently results in a complete miscarriage of justice' and 'present[s] exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent' "). *Accord, United States ex rel. v. United States*

*Dept. of Probation and Parole,* 7 Cir. 1976, 536 F.2d 179.

9. *McRae v. United States,* 8 Cir. 1976, 540 F.2d 943, 947, *cert. denied,* 1977, 429 U.S. 1045, 97 S.Ct. 750, 50 L.Ed.2d 759 ("was there a fundamental defect in the proceedings which inherently resulted in a complete miscarriage of justice and presented exceptional circumstances that justify collateral relief?"). *Accord, Schriever v. United States,* 8 Cir. 1977, 553 F.2d 1152; *United States v. Kattou,* 8 Cir. 1977, 548 F.2d 760; *United States v. Ortiz,* 8 Cir. 1976, 545 F.2d 1122; *United States v. Rodrigue,* 8 Cir. 1976, 545 F.2d 75. *Cf. United States v. Turner,* 8 Cir. 1978, 572 F.2d 1284, 1285 (failure to advise defendant of special parole term does not constitute "manifest injustice" under F.R. Cr.P. 32(d) warranting withdrawal of guilty plea).

10. *United States v. Hamilton,* 10 Cir. 1977, 553 F.2d 63, 66, *cert. denied,* 1977, 434 U.S. 834, 98 S.Ct. 122, 54 L.Ed.2d 96 (error "did not inherently result in a miscarriage of justice or present exceptional circumstances justifying collateral relief").

11. *United States v. Watson,* 1977, 179 U.S.App. D.C. 103, 548 F.2d 1058 (failure to explain special parole term requires remand to determine whether there was "manifest injustice" under F.R.Cr.P. 32(d) warranting withdrawal of guilty plea).

12. The majority uses the terms "prejudice," "fundamental defect which inherently results in the miscarriage of justice," and "omission inconsistent with the demands of fair procedure" apparently interchangeably and without explaining whether they are cumulative, alternative, or equivalent. If, unlike some of the other circuits making this distinction, we are not to adopt the unadorned language of *Davis,* I think we should light some candle of explanation to guide the interpretation of our standard.

fying the import of our decision, I would attempt to elucidate what we hold.

The petitioner bore the burden of showing that he was not accorded the benefit of literal compliance with Rule 11. Although literal compliance does not exact a catechism, he demonstrated that there had not been full and strict adherence to each substantive requirement of the Rule, whatever words were used.

Noncompliance in that sense having been shown, the government had the burden of persuading the trier of fact that the dereliction was not likely to have been a material factor affecting the petitioner's decision to plead guilty.[13] This is the kind of "prejudice" that I understand to be significant. The government sustained that burden here for the reasons fully set forth by my brethren. In another case it might carry the day by demonstrating, for example, that, although certain information was not conveyed to the petitioner in open court, its full import was actually made known to the petitioner by his attorney or by someone else, and, therefore, the court's failure to recite it could not have affected his decision to plead guilty. Or, to take another example, the omission may have been a failure to inquire into plea bargaining; the government may be able to show affirmatively that no plea bargains of any kind occurred, and that inquiry into the subject would have elicited only negative answers.

This suggested formulation is not a procedural straitjacket, promulgated in our supervisory role, but an effort to clarify the meaning of our decision. If followed, it would minimize speculation about what "might have been," buttressed by self-serving declarations of a § 2255 petitioner, while protecting defendants from judicial oversights that have a serious bearing on the sentencing proceedings. Moreover, it would lessen the uncertainty about what is, and what is not, "prejudicial" and on whom the burden rests of demonstrating detriment or its absence.

---

13. The procedure is similar to that required in cases of constitutional error. Once the transgression is demonstrated, the burden of proving that it was harmless is on the government. *Chapman v. California,* 1967, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705. Because the purpose of Rule 11 is salutary—and it is, at least in part, procedural, not a formulation of constitutional requirements—I propose that the test used be "not likely to have been a material factor affecting the petitioner's decision" rather than "harmless beyond a reasonable doubt". Obviously, if the Rule 11 transgression was so serious as to amount to a deprivation of a constitutional right, the *Chapman* test would be applicable.