UNITED STATES of America, Appellee,

v.

Robin Jack SAMUELSON, Appellant.

No. 83–1703.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 7, 1983.

Decided Dec. 13, 1983.

Robin Jack Samuelson, pro se.

Rodney S. Webb, U.S. Atty., Gary Annear, First Asst. U.S. Atty., Fargo, N.D., for appellee.

Before ROSS, ARNOLD and BOWMAN, Circuit Judges.

PER CURIAM.

Robin Samuelson appeals the district court's denial of his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Samuelson was charged with six counts of unlawful possession of amphetamines with intent to distribute, one count of possession of cocaine with intent to distribute, and one count of conspiracy. Appellant's brother, Jay Samuelson, was a codefendant on each of the above counts. Appellant evaded arrest from the date the indictment was returned, July 22, 1981, un-

til his apprehension July 12, 1982. During the time appellant was still at large, his brother was convicted by jury verdict on five of the amphetamine counts. Appellant's brother was sentenced to the maximum term of five years on each count, plus two years of special parole on each count.

Appellant's trial commenced September 15, 1982, in the United States District Court for the District of North Dakota, the Honorable Paul Benson, Chief Judge, presiding. After the jury was selected and the first day of trial ended, appellant, defense counsel and an assistant U.S. attorney met with the court to discuss the possibility of plea negotiations. A meeting was scheduled for the following morning. On the next day, September 16, the court approved a plea bargain.[1] Appellant pled nolo contendere on three of the amphetamine counts; the remaining four were dismissed after sentencing.

The court sentenced appellant to five years on each of the three counts. The sentences were to run concurrently, except that two years on one count were to run consecutively to the five year term. The net effect was seven years of confinement. Because appellant was convicted of violating 21 U.S.C. § 841(b)(1)(B), the court imposed a statutorily mandated two-year special parole term on each count. Samuelson did not appeal his conviction. He filed a pro se motion pursuant to 28 U.S.C. § 2255 in district court on April 6, 1983. The court denied relief and dismissed the motion on May 3, 1983.

On appeal, Samuelson lists six assignments of error. The gist of appellant's argument is that he received a longer sentence than that for which he bargained. Appellant appears to be confused about the length of his sentence. In four of his issues on appeal, he refers to an improper sentence greater than the plea bargain. Apparently, he believes that the two-year special parole term enhances his punishment,

giving him a net term of nine years. Such is not the case. The district court states clearly in its order of dismissal that appellant's net term is seven years.

■ The court also conceded that the special parole term was not mentioned in court at the time the plea was entered. While the failure to mention the special parole term is a technical violation of FED. R.CRIM.P. 11, it is not reversible error in the absence of prejudice to the defendant. *United States v. Rodrigue,* 545 F.2d 75, 76 (8th Cir.1976). In *Rodrigue,* the defendant faced a maximum penalty of five years incarceration and/or a $15,000 fine. The court ultimately sentenced him to 30 months of imprisonment and the mandatory special parole term. On appeal, this court found that Rodrigue's arguments regarding an enhanced sentence were frivolous. We held that no prejudice occurred because even if the special parole term were to materialize, the maximum period of incarceration would be four years and six months, which was still six months less than the maximum for which Rodrigue had bargained.

■ Similarly, in the case now before us, if the special parole term were to materialize, the result would be a sentence considerably shorter than the fifteen-year maximum that appellant could have received. Furthermore, though appellant now claims he was not aware of the maximum possible penalty prior to sentencing, he never raised this point in the district court, and the court found that such a contention would have been ludicrous under the circumstances. Appellant was represented at trial by a well qualified defense attorney, and his case came to trial after his codefendant was sentenced to a maximum term plus two years of special parole on each count. In sum, though appellant is correct in his as-

---

1. Pursuant to FED.R.CRIM.P. 11, the court conducted a hearing to determine the voluntariness of appellant's plea. Appellant informed the court that he wished to plead nolo contendere to counts 3, 11 and 16. The court stated that it would impose a seven-year sentence if the presentence investigation revealed no prior felony convictions. The court then found the plea voluntary and accepted it.

signment of technical error, he has failed to demonstrate the prejudice necessary for a reversal.

Appellant's remaining contentions are equally meritless. He claims that the district judge entered into plea negotiations in violation of FED.R.CRIM.P. 11. This is not true. The court informed appellant's attorney that Rule 11 prohibited it from becoming involved in plea negotiations. In addition, appellant did not present this argument to the district court. This court should not consider allegations raised by appellant which have not been raised in district court. *Wilson v. United States,* 554 F.2d 893 (8th Cir.1977). Furthermore, section 2255 is not a substitute for direct appeal, and matters which could have been raised on appeal will not be considered. *United States v. Sappington,* 527 F.2d 508 (8th Cir.1975).

Finally, appellant contends that the trial court erred by failing to conduct an evidentiary hearing. Section 2255 does not require that the court hold an evidentiary hearing on the motion if the files and records of the case show conclusively that the prisoner is entitled to no relief. 28 U.S.C. § 2255; Rule 4(b) fol. § 2255 (1982). In a case such as this, where appellant was indicted with 17 other individuals and the trial judge was quite familiar with all the facts and evidence surrounding the case, no evidentiary hearing was warranted.

We find no error in the district court's dismissal. Accordingly, we affirm.