813 F.2d 1229
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Joseph FLINT, Defendant-Appellant.
 No. 86-7333.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 19, 1987.
Decided March 12, 1987.
 
 Before HALL and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Michael Joseph Flint, appellant pro se.
 Robert Claude Jendron, Jr., Assistant United States Attorney, for appellee.
 PER CURIAM:
 
 
 1
 Michael Flint, a federal inmate, appeals from the district court's order denying his motion to change an illegal sentence under Fed. R. Crim. P. 35. We affirm.
 
 
 2
 Flint pled guilty in 1984 to importation of marijuana and to tax evasion. The plea agreement, which was accepted by the district court, specified that "the sentences imposed upon the defendant's guilty pleas ... will not exceed eight (8) years." Flint received a sentence of two years' imprisonment for the tax evasion and was sentenced under 21 U.S.C. SS 960 to four years' imprisonment plus a special parole term of ten years for the marijuana importation. After Flint filed an earlier Rule 35 motion, his sentence was modified to make the two terms of imprisonment concurrent, and subject to 18 U.S.C. Sec. 4205(b)(2). Flint now faces, therefore, a maximum prison term of four years, to be followed by the ten-year special parole term. Under Sec. 4205(b)(2), he may be paroled whenever the Parole Commission deems it appropriate. In this motion, Flint maintains that his sentence is illegal because:
 
 
 3
 (1) the eight-year maximum term he agreed to might be exceeded if he violates parole conditions after his release and must then serve the remainder of his special parole term in prison; and
 
 
 4
 (2) the Parole Commission placed him in category 6 rather than category 5 as expected, thereby delaying his parole eligibility date.
 
 
 5
 Flint's first claim is without merit because the plea agreement affects only his basic sentence of a term of years in prison. The special parole term is not part of the basic sentence; it is a separate and distinct form of restraint which begins after completion of the punishment imposed by the court on the basic sentence. De Simone v. Norton, 404 F. Supp. 964, 966 (D. Conn. 1975). In a very similar case, the Eighth Circuit has held that a defendant who pled nolo contendere on the understanding that he would receive a seven-year sentence, then was sentenced to seven years in prison and a special parole term of two years, did not receive a sentence that was enhanced beyond the terms of the agreement. United States v. Samuelson, 722 F.2d 425 (8th Cir. 1983). Flint's sentence of four years' imprisonment does not, therefore, exceed the terms of his plea agreement, even though it is followed by a ten-year special parole term.
 
 
 6
 The district court correctly determined that it was without jurisdiction to decide Flint's second claim. A petition for habeas corpus pursuant to 28 U.S.C. SS 2241 is the proper vehicle to challenge the execution of a sentence, such as a decision by the Parole Commission. united States v. Snow, 748 F.2d 928, 933 (4th Cir. 1984). The writ of habeas corpus may be issued only by a court having jurisdiction over the person who holds the petitioner in custody. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95 (1973). That person is the warden of Flint's prison. Billiteri v. United States Board of Parole, 541 F.2d 938, 948 (2d Cir. 1976). Because Flint is incarcerated in Atlanta, Georgia, his warden is not within the jurisdiction of the district court.
 
 
 7
 For the foregoing reasons, we affirm the order of the district court. Because the dispositive issues have recently been decided authoritatively, we dispense with oral argument.
 
 
 8
 AFFIRMED.