UNITED STATES of America, Plaintiff-Appellee,

v.

Randal Nelson CROOK, Defendant-Appellant.

No. 75–2899

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 2, 1976.

---

* Rule 18, 5th Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5th Cir. 1970, 431 F.2d 409, Part I.

Ronald L. Baker, Tallahassee, Fla., for defendant-appellant.

Clinton Ashmore, U. S. Atty., Pensacola, Fla., Stewart J. Carrouth, Asst. U. S. Atty., Tallahassee, Fla., for plaintiff-appellee.

Before THORNBERRY, MORGAN and RONEY, Circuit Judges.

PER CURIAM:

Defendant Randal Nelson Crook appeals from his conviction for the crime of knowing possession and transportation of an unregistered firearm in violation of 18 U.S.C. § 2 and 26 U.S.C. § 5861(d) and (j).

On June 2, 1975, defendant moved the district court to withdraw his previously entered plea of not guilty and to enter a plea of nolo contendere. Following the court's refusal to accept the nolo plea, however, the defendant indicated his willingness to enter a plea of guilty. At that time, the United States Attorney read the indictment to the defendant and informed him of the range of penalties for the offenses charged. Significantly, it was the prosecutor, rather than the judge, who inquired whether the defendant understood the nature and consequences of his plea and whether the defendant made the plea freely and voluntarily. The court questioned the defendant only on his participation in the charged offense. Following this questioning, the court accepted the defendant's plea of guilty and sentenced him under the Federal Youth Corrections Act, 18 U.S.C. § 5010(b). On June 3, 1975, defendant filed a motion to withdraw his plea of guilty and, upon denial of that motion, filed a Notice of Appeal with this court.

Defendant contends that the procedure employed by the district court in accepting his plea of guilty did not comport with the requirements of Fed.R.Crim.P. 11 and that consequently his conviction must be reversed and he must be allowed to enter a new plea. We agree.

Rule 11 prohibits a federal court from accepting a plea of guilty without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and of the consequences of the plea.[1] In the present case, the inquiries that Rule 11 requires the court to make were made by the prosecutor. We cannot accept the government's argument that the trial judge does not have to make the required admonitions as long as these inquiries are made by someone in the judge's presence. The language of Rule 11 commands the court to personally address the defendant. The Supreme Court has strictly construed this language in *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). In that case, the trial judge had made all the inquiries required by Rule 11 except an inquiry as to whether the defendant understood the nature of the charge. The government argued that since the defendant had been informed of the consequences of his plea, the court could properly assume that he had an understanding of the charge. Rejecting the government's contention and remanding the case for a hearing at which the defendant could enter a new plea, the court stated:

> a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.

1. At the time of trial Rule 11 read as follows:

 A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If

 While Rule 11 has since been amended, its requirement that the court personally address the defendant has not changed.

Prior to the 1966 amendment, however, not all district judges personally interrogated defendants before accepting their guilty pleas. With an awareness of the confusion over the Rule's requirements in this respect, the draftsmen amended it to add a provision "expressly requir[ing] the court to address the defendant personally." This clarification of the judge's responsibilities quite obviously furthers both of the Rule's purposes. By personally interrogating the defendant, not only will the judge be better able to ascertain the plea's voluntariness, but he also will develop a more complete record to support his determination in a subsequent post-conviction attack.

*Id.* at 465–66, 89 S.Ct. at 1170–1171, 22 L.Ed.2d at 425 (footnotes omitted). Likewise, this court has held that the mere assurances of defense counsel that the defendant understands the nature of the charges is insufficient; rather, the court must personally inquire of the defendant on this matter. *United States v. Vera*, 514 F.2d 102 (5th Cir. 1975).

In summary, we read the language of Rule 11 requiring the court to personally address the defendant to mean exactly what it says. *McCarthy* and *Vera* require such an interpretation. One of the primary objectives of Rule 11 was to prevent the entry of a guilty plea by a defendant who did not fully understand the nature and consequences of his plea; the method chosen by Congress to achieve this objective was to require the trial judge to question the defendant rigorously on the voluntariness of his plea. Allowing the prosecutor to make the required inquiries of the defendant results in the creation of an atmosphere of subtle coercion that clearly contravenes the policy behind Rule 11. Accordingly, we reverse the conviction below and remand for the entry of a new plea.

Reversed and remanded.