**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert Earl ALDRIDGE,
Defendant-Appellant.**

No. 76–4222
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 9, 1977.

William P. Allison, Austin, Tex. (Court-appointed), for defendant-appellant.

John E. Clark, U. S. Atty., Leroy M. Jahn, Asst. U.S. Atty., Charles J. Muller, III, Trial Atty., San Antonio, Tex., for plaintiff-appellee.

Before COLEMAN, GODBOLD and TJOFLAT, Circuit Judges.

PER CURIAM:

Under the terms of a plea agreement, the appellant Aldridge pled guilty to one count of receiving a firearm in interstate commerce after being convicted of a felony, in violation of 18 U.S.C. App. § 1202(a) (1970). After being sentenced to two years' confinement, he now appeals from the conviction entered upon his guilty plea, alleging *inter alia* that the district court failed to follow Fed.R.Crim.P. 11 in accepting his plea. We agree, and accordingly reverse and remand for entry of a new plea.

Our review of the record indicates that the district court failed to follow Rule 11 in three respects. First, the court failed to ascertain, through personal inquiry, whether the defendant Aldridge understood the nature of the charges against him. The only questioning on this point came from the prosecutor, and Rule 11 places this responsibility squarely upon the shoulders of the district judge. *See McCarthy v. United States*, 394 U.S. 459, 465–66, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); *United States v. Narisi*, 538 F.2d 1213 (5th Cir. 1976). This court's decisions have emphasized that the district court's questioning must be careful, and that the compliance with Rule 11 must be literal. *See Sierra v. Gov't of Canal Zone*, 546 F.2d 77, 79 (5th Cir. 1977); *United States v. Crook*, 526 F.2d 708, 710 (5th Cir. 1976).

Second, Aldridge was not placed under oath until he had responded to numerous questions and his plea had already been accepted. This court's construction of Rule 11 requires that the defendant be under oath for the entirety of the proceedings. See *Bryan v. United States*, 492 F.2d 775,

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

781 (5th Cir.), *cert. denied*, 419 U.S. 1079, 95 S.Ct. 668, 42 L.Ed.2d 674 (1974).

Third, the district court was informed at the outset of the proceedings of September 30, 1976, wherein Aldridge entered his plea, that some plea agreement had been reached between the prosecution and defense counsel. Nevertheless, the court failed to make the painstaking inquiry into the terms and conditions of the plea agreement, as well as the degree of coercion attendant thereto, which this circuit has consistently required. *See Bryan*, 492 F.2d at 781.

Under these circumstances, we have no choice but to reverse Aldridge's conviction and remand the case for entry of a new plea. Accordingly, the judgment below is REVERSED and the case is REMANDED for proceedings not inconsistent with this opinion.