**GOVERNMENT OF the CANAL ZONE,**
**Plaintiff-Appellee,**

v.

**Manuel TOBAR T. (Tobar),**
**Defendant-Appellant.**

No. 77–5404
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 10, 1978.

Horace P. Rowley, III, New Orleans, La. (court-appointed), for defendant-appellant.

Frank J. Violanti, U. S. Atty., Wallace D. Baldwin, Asst. U. S. Atty., Balboa, Canal Zone, for plaintiff-appellee.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

PER CURIAM:

Manuel Tobar pled guilty to the charge of burglary enhanced by the Canal Zone's habitual criminal statute, Title 6 Canal Zone Code § 113. When pleading guilty, appellant was wrongly advised that the maximum allowable sentence was fifteen years when it is life imprisonment. Rule 11(c)(1), Federal Rules of Criminal Procedure, mandates that a defendant pleading guilty be advised of the maximum sentence allowed by law.

Because the district court failed to comply with Rule 11 in accepting Tobar's guilty plea, Tobar must be allowed to plead anew. *Sierra v. Government of Canal Zone,* 5 Cir. 1977, 546 F.2d 77; *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); *see United States v. Journet,* 2 Cir. 1976, 544 F.2d 633.

REVERSED AND REMANDED.

---

95 S.Ct. 52, 42 L.Ed.2d 55 (1974); *United States v. Crockett,* 514 F.2d 64 (5 Cir. 1975).

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.