UNITED STATES of America,
Plaintiff-Appellee,

v.

Jerry Lee HART and Prentice Ray Hart,
Defendants-Appellants.

No. 77–5418
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 27, 1978.

John J. C. O'Shea, Lubbock, Tex., for defendants-appellants.

Jamie C. Boyd, U. S. Atty., LeRoy Morgan Jahn, W. Ray Jahn, James E. Bock, Asst. U. S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before GOLDBERG, CLARK, and FAY, Circuit Judges.

GOLDBERG, Circuit Judge:

Appellants Jerry Lee Hart and Prentice Ray Hart pled guilty to an indictment charging them with unlawfully transporting aliens into the United States. 8 U.S.C. § 1324(a)(2). Appellants allege that the trial judge did not *personally* inform them of their rights and the consequences of their plea as required by Rule 11 of the Federal Rules of Criminal Procedure, that no factual basis for their plea was established as required by Rule 11, and that they pled guilty only because they were denied the effective assistance of counsel. We reverse the conviction on the basis of the trial judge's failure to personally inform the defendants of their rights and the consequences of their plea as required by Rule 11 and therefore need not address the other issues raised by this appeal.

Rule 11(c) of the Federal Rules of Criminal Procedure requires that:

"Before accepting a plea of guilty or nolo contendere, the court must *address the defendant personally* in open court and *inform him of*, and determine that he understands, the following:

(1) the nature of the charge to which the plea is offered, the mandatory min-

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

imum penalty provided by law, if any, and the maximum possible penalty provided by law; and

(3) that he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself; and

(4) that if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial    .    .    .    (emphasis supplied)

In the instant case, rather than personally inform the defendants of the nature of the charges against them, the minimum and maximum penalties provided by law, and the rights that would be waived by pleading guilty, the trial court allowed the Assistant United States Attorney to provide the required information. The trial court's role in the Rule 11(c) aspect of the guilty plea proceeding was limited to asking the defendants whether they understood the nature of the charges against them and the consequences of their plea, and whether they understand "all of the rights you are giving up if I should accept your plea of guilty." We hold that this procedure did not comport with the requirements of Rule 11 because the trial judge did not personally inform defendants of the constitutionally protected rights they would waive if their guilty pleas were accepted. The defendants' convictions must therefore be reversed. *See United States v. Crook*, 526 F.2d 708 (5th Cir. 1976). *See also United States v. Aldridge*, 553 F.2d 922 (5th Cir. 1977); *United States v. Narisi*, 538 F.2d 1213 (5th Cir. 1976).

In *United States v. Crook, supra*, we read "the language of Rule 11 requiring the court to *personally address* the defendant to mean *exactly* what it says." *Id.* at 710 (emphasis supplied).[1] In *Crook* the statements and inquiries that Rule 11 required the court to make were made instead by the prosecutor in the judge's presence. We reversed the conviction, reasoning that the "language of Rule 11 commands the court to personally address the defendant. The Supreme Court has strictly construed this language in *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969)." *Id.* at 709. The government would distinguish *Crook* on the ground that in *Crook* the trial judge did not even personally ask the defendant whether he understood the prosecutor's remarks and waived his rights, as the trial judge did in the instant case. The explicit language of Rule 11, however, makes no such distinction. The rule states that the court must both personally inform the defendant of the charges against him, his rights, and the consequences of his plea *and* personally determine that the defendant understands these charges, rights, and consequences. *See United States v. Narisi, supra.* The trial court here did not so personally inform the defendants. Moreover, as explained in *Crook*, "[a]llowing the prosecutor to make the required inquiries of the defendant results in the creation of an atmosphere of subtle coercion that clearly contravenes the policy behind Rule 11" *Id.* at 710. This rationale is equally applicable when the prosecutor, rather than the judge, makes the explanations required by the rule. The robe mantles the judge in the majestic impartiality of the law and was never intended to be merely decorative.

Because the trial judge did not personally address the defendants as required by Rule 11(c), we reverse the conviction below and remand for the entry of a new plea.

REVERSED and REMANDED.

1. The version of Rule 11 quoted above which is applicable to this appeal was not yet in effect at the time of the trial at issue in *Crook*. The former version of Rule 11 merely required the court to "personally    .    .    .    address" the defendant, while the present language is even more explicit in requiring the court to personally address the defendant "and inform him of, and determine that he understands" his rights.