**UNITED STATES of America, Appellee,**

v.

**Harold HAMILTON, Appellant.**

**No. 77–2900.**

United States Court of Appeals, Ninth Circuit.

Feb. 6, 1978.

---

Robert J. Lyman (argued), of Debus, Busby & Green, Phoenix, Ariz., for appellant.

John G. Hawkins, Asst. U. S. Atty. (argued), Phoenix, Ariz., for appellee.

Before WRIGHT and HUG, Circuit Judges, and INGRAM, District Judge.*

PER CURIAM:

Appellant asks this court to vacate convictions for two drug-offenses to which he pleaded guilty in the district court.

* Of the Northern District of California.

*FACTS:*

On March 3, 1977, Hamilton withdrew a general plea of not guilty and substituted guilty pleas on two counts of a four-count indictment. Pursuant to a plea agreement, the prosecutor successfully moved to dismiss the remaining counts. Hamilton moved to withdraw his plea after consecutive sentences were imposed. He appeals from the denial of that motion.

At the hearing on the change of plea, the trial judge relied on the prosecutor to advise appellant of the potential penalties on each of the two counts.[1] The judge asked Hamilton specifically whether he understood the penalties as explained by the prosecutor. Hamilton responded that he did. Neither the prosecutor nor the judge expressly informed Hamilton that the sentences could run consecutively.

Hamilton contends that his conviction must be vacated because the trial judge himself did not explain the potential penalties and because he was not told of the possibility of consecutive sentencing.

This appeal squarely presents the question of what procedures must be followed by a trial judge to satisfy the requirements of Fed.R.Crim.P. 11 governing acceptance of guilty pleas.

*DISCUSSION:*

Fed.R.Crim.P. 11 reads:

Rule 11. PLEAS

(c) *Advice to Defendant.* Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands the following:

(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; . . . .

Prior to its amendment in 1975, Rule 11 required only that a judge determine that a defendant's plea was made with an understanding of its "consequences." See Notes of the Advisory Committee on 1966 Amendments to Rule 11, *reprinted in* 8 Moore's Federal Practice ¶ 11.01[3] at 11–6 (1977).

■ If Rule 11's requirements are not met, the defendant must be given the opportunity to plead anew. *McCarthy v. United States*, 394 U.S. 459, 471–472, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

1. *Consecutive Sentences.*

Hamilton argues that Rule 11 requires a judge to advise a defendant of the possibility of consecutive sentences before a guilty plea is entered. The 1975 version of the rule "summarizes roughly the holdings of the post-*McCarthy* decisions" interpreting the word "consequences." J. Bond, Plea Bargaining and Guilty Pleas 84 (1977).

Those decisions held that any factor which necessarily affected the maximum term of imprisonment was a Rule 11 "consequence." *E. g., United States v. Myers*, 451 F.2d 402, 404 (9th Cir. 1972). However, they did not require explanation of the possibility of consecutive sentencing, reasoning

---

1. The transcript of the Rule 11 hearing, with questions by the prosecutor, reads in relevant part:

Q: Are you aware of the fact that these [two] charges carry with them penalties of 15 years each?
A: I am, sir.
Q: And a possible fine of $25,000?
A: Yes, sir.
THE COURT: Just a moment. You have also got a minimum three-year special parole term.
Q (the prosecutor): And a minimum special parole term as to each count?
A: I understand.

Q: You have previously entered not guilty pleas as to all of these counts. Is it now your desire to withdraw as to Counts I and II your not guilty plea?
A: Right, and plead guilty.
Q: And enter a plea of guilty as to both counts.
A: Yes.
Q: You are aware of the maximum penalty as to each of those counts?
A: A 15-year maximum.
Q: And up to a $25,000 fine and a three-year special parole term as to each.
A: Yes.
THE COURT: That is a minimum three years.

that the court's power to impose consecutive sentences is explained implicitly "in the separate explanation of the possible sentences on each count." *Paradiso v. United States*, 482 F.2d 409, 415 (3d Cir. 1973) (acknowledging that better practice would be to specifically advise); *see also* cases cited *infra* at n.4.

This reasoning is equally persuasive under the amended rule. Although at first glance the Notes of the Advisory Committee on 1975 Amendments to the Federal Rules of Criminal Procedure appear to suggest a contrary conclusion, they do not. They indicate that the objective of the 1975 amendments was to insure that a defendant knows the maximum sentence a judge may impose. Notes of the Advisory Committee on 1975 Amendments to Rules, Fed.R. Crim.P. 11, *reprinted in* 8 Moore's Federal Practice ¶ 11.01[4] at 11–7 to 11–18 (1977) (hereinafter 1975 Committee Notes).

The 1975 Committee Notes, however, interpreted the rule as promulgated by the Supreme Court, prior to its alteration in Congress. The rule as originally proposed required disclosure of the "maximum possible penalty provided by law *for the offense to which the plea is offered.*" *Id.* at 11–9 (emphasis added).

The proposed rule thus reaffirmed the proposition that a defendant need be specifically advised of possible sentences only with respect to *each* offense. The 1975 Committee Notes suggest that because the penalty for an offense appears on the face of the statute defining the crime, a judge can ascertain exactly what to tell a defendant: "Giving this advice tells a defendant the shortest mandatory sentence and also the longest possible sentence *for the offense to which he is pleading guilty.*" *Id.* (emphasis added).

In Congress the proposed rule generated controversy for its failure to enumerate important rights that are waived by offering a plea of guilty. Those were enumerated by *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).[2] When the House Judiciary Committee reported the measure which became Rule 11, the rule had been modified to include a requirement that a defendant be advised of the rights waived by a plea and the phrase, "for the offense to which the plea is offered," was deleted from the section regarding advice about potential penalties. *See* H.R.Rep.No. 247, 94th Cong., 1st Sess. 21 (1975), *reprinted in* [1975] U.S.Code Cong. & Admin. News, p. 674, 693.

It appears that clearer explanation of the rights discussed in *Boykin v. Alabama, supra*, was the purpose of the committee's revisions. We think that the accompanying deletion was merely a technical amendment to the rule's text rather than an intentional enlargement of the judge's duty to inform.[3]

Although one could argue that Congress, in deleting the phrase, intended to require disclosure of the possibility of consecutive sentences, in the absence of an indication of such intent, we think amended Rule 11 was meant merely to simplify a judge's task by emphasizing that the crucial consequences of entering a plea which must be explained to a defendant are the sentencing consequences, rather than other, less direct, implications of entering a guilty plea. *See* 1975 Committee Notes, *supra* at 11–10 (by implication). *See generally* J. Bond, Plea Bargaining and Guilty Pleas 148 (1975) (noting pre-amendment confusion in classifying consequences as direct or indirect). *Cf. Sanchez v. United States*, 572 F.2d

**2.** *Boykin v. Alabama, supra*, held that offering a guilty plea involves waiver of important constitutional rights (*e. g.*, jury trial, confrontation, right against self-incrimination) and that a knowing, voluntary waiver of those rights cannot be presumed from a silent record.

**3.** During four days of hearings, only one reference was made to Rule 11(c)'s sentencing provision. *See Amendments to Federal Rules of Criminal Procedure: Hearings Before the Sub-*

*comm. on Criminal Justice of the House Comm. on the Judiciary*, 94th Cong., 1st Sess. 36 (1975) (Charles Sevilla) (referring to *United States v. Myers*, 451 F.2d 402 (9th Cir. 1972)). *See also Proposed Amendments to Federal Rules of Criminal Procedure: Hearing Before the Subcomm. on Criminal Justice of the House Comm. on the Judiciary*, 93d Cong., 2d Sess. (1974).

210 (9th Cir., 1977) (parole revocation is a collateral consequence).

■ Hamilton was advised by the prosecutor of a possible 15-year sentence, a $25,000 fine, and a three-year special parole term (by the judge's interjection) as to each of the two counts. The court reasonably concluded that this explanation implicitly alerted Hamilton to the possibility of consecutive sentencing.[4] We agree.

2. *Reliance on the Prosecutor.*

Relying on *McCarthy v. United States, supra,* 394 U.S. at 471–72, 89 S.Ct. 1166, Hamilton contends that the trial judge's reliance on the prosecutor to inform him of possible penalties renders his plea invalid and affords him the opportunity to plead anew.

The judge asked Hamilton whether he understood the penalties as explained by the prosecutor. That procedure satisfied the pre-1975 rule's command that the judge determine that a defendant understands the consequences of his plea. *United States v. Yazbeck,* 524 F.2d 641, 642–43 (1st Cir. 1975) (per curiam) (dictum). *Accord United States v. Coronado,* 554 F.2d 166, 173–74 & nn. 11 & 12 (5th Cir. 1977) (direct appeal from conviction on a plea entered under the former version of Rule 11). The question remains whether it met the post-amendment requirement that the "court address the defendant personally" and "inform him of, and determine that he understands" the penalties that may be imposed. *See id.* at 174 n.12.

■ Requiring the court to inform a defendant of penalties does not necessarily mean that the words must literally issue from the judge's lips. We conclude that a reasonable interpretation of Rule 11 is that

it means a judge must insure that the defendant understands the possible penalties before his plea is accepted.

The court can, within certain limits, satisfy the requirement by directing that another advise the defendant in the court's presence. The crucial requirement is that the judge be satisfied that the defendant understands the possible sentences and that such understanding be apparent in the record.

■ Our conclusion conforms to *McCarthy v. United States, supra,* which instructed federal judges to spread a defendant's state of mind on the record at the time of the plea in order to avoid resort to after-the-fact speculation. 394 U.S. at 467, 89 S.Ct. 1166. Furthermore, permitting partial delegation in a case such as this is supported by repeated admonitions that Rule 11 not become the vehicle to transform plea hearings into ritualistic performances. *See McCarthy, supra,* at 467 n.20, 89 S.Ct. 1166; *Guthrie v. United States,* 517 F.2d 416, 418 (9th Cir. 1975); *United States v. Youpee,* 419 F.2d 1340, 1344 (9th Cir. 1969). Finally, it is supported by some evidence that the draftsmen attached no new special significance to the word "inform" as used in the 1975 version of the rule.[5]

*United States v. Crook,* 526 F.2d 708 (5th Cir. 1976), upon which appellant relies, is inapposite. In *Crook* the judge completely delegated his responsibilities, allowing the prosecutor to conduct nearly all of the Rule 11 examination. Moreover, only the prosecutor questioned the defendant on the voluntariness of his plea. The reviewing court properly concluded that the potentially intimidating effect of prosecutorial questioning raised fatal doubts regarding the voluntariness of the plea.[6] *Id.* at 710.

---

4. *See, e. g., Villarreal v. United States,* 508 F.2d 1132, 1133 (9th Cir. 1974); *Johnson v. United States,* 460 U.S. 1203 (9th Cir.), *cert. denied,* 409 U.S. 873, 93 S.Ct. 206, 34 L.Ed.2d 125 (1972); *Hinds v. United States,* 429 F.2d 1322, 1323 (9th Cir. 1970) (per curiam). *See also United States v. Myers,* 451 F.2d 402, 405 (9th Cir. 1972).

5. The draftsmen noted that the former rule required the court to "inform" a defendant of the consequences of his plea. *1975 Committee Notes, supra* at 11–9.

6. However, in addressing the delegation issue, the court relied on authorities which dealt not with who should ask the questions, but rather with who should answer them. *See* 526 F.2d at

In this case the trial judge carefully advised the defendant of all Rule 11 matters except penalties.[7] He satisfied himself that Hamilton understood the penalties as explained by the prosecutor. He failed to "inform" Hamilton of possible penalties only in a literal sense.

Moreover, Hamilton, unlike the appellant in *Crook*, does not challenge the voluntariness of his plea except insofar as he alleges it was uninformed. However, his understanding of the penalties is readily discerned from his recorded responses in the Rule 11 hearing transcript.[8]

The procedure followed by the trial court was consistent with both the mandate of Rule 11 and the holding of *McCarthy v. United States, supra.* We caution district judges, however, that deviation from literal compliance with the rule should be undertaken only with the utmost caution to insure that the record reflects observance of the rule's substantive import.

In this case the requisite caution was displayed. The convictions are affirmed.

709–10. We think reliance on those cases was mistaken.

7. Even as to penalties, the judge carefully followed the prosecutor's explanation and interrupted to explain the special parole term.

8. *See* n.1, *supra.*