James L. COODY, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 77–2096
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 30, 1978.

James L. Coody, pro se.

Gerald J. Gallinghouse, U. S. Atty., Mary Williams Cazalas, Asst. U. S. Atty., New Orleans, La., for respondent-appellee.

Before THORNBERRY, RONEY and RUBIN, Circuit Judges.

PER CURIAM:

James L. Coody pleaded guilty to interstate transportation of a stolen motor vehicle, a violation of 18 U.S.C. § 2312. He has filed a motion to vacate sentence, 28 U.S.C. § 2255, alleging that his plea was invalid. He contends that the district judge, in questioning him on the voluntariness of his plea, failed to comply with Rule 11, Fed.R.Crim. Proc. We agree.

Rule 11 requires the Court to "address the defendant personally in open

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409.

court and inform him of, and determine that he understands . . . the nature of the charge to which the plea is offered . . . ." The transcript of the plea hearing shows that the district judge asked the appellant, ". . . do you understand the charges that have been made against you?" To which the appellant replied, "I do." "Routine questions on the subject of understanding the nature of the charges are insufficient; and a single response by the defendant that he 'understands' the charge gives no assurance or basis for believing he does." *Sierra v. Government of the Canal Zone,* 5 Cir. 1977, 546 F.2d 77, 79. Hence, such an inquiry does not satisfy the requirements of Rule 11. See also, *United States v. Hart,* 5 Cir. 1978, 566 F.2d 977; *United States v. Adams,* 5 Cir. 1978, 566 F.2d 962; *United States v. Crook,* 5 Cir. 1976, 526 F.2d 708.

■ The district court also failed to advise appellant of the maximum sentence he could receive. Permitting the Assistant United States Attorney to give this information falls short of the literal compliance required of the district judge by Rule 11. *United States v. Aldridge,* 5 Cir. 1977, 553 F.2d 922. See also *United States v. Hart,* supra; *United States v. Adams,* supra.

■ Rule 11, as amended, effective December 1, 1975, states: "The Court shall also inquire as to whether the defendant's willingness to plead guilty or *nolo contendere* results from prior discussions between the attorney for the government and the defendant or his attorney." That requirement is mandatory and the inquiry it directs was not made. In a recent opinion this Court discussed the provisions of Rule 11, as amended, *United States v. Adams,* supra, and reiterated the requirement of this circuit that "compliance with Rule 11 must be literal," citing the preamendment rule, as set forth in *United States v. Aldridge,* 5 Cir. 1977, 553 F.2d 922. See also *Government of the Canal Zone v. Tobar,* 5 Cir. 1978, 565 F.2d 1321.

■ Although we base the reversal of the district court's judgment on the errors noted above, we observed that the appellant was not sworn during the plea hearing. Prior to the effective date of the 1975 amendments to Rule 11, this Court held: "The defendant shall be placed under oath," when the court inquires as to plea agreements. *Bryan v. United States,* 5 Cir. 1974, 492 F.2d 775, 781 (en banc); cert. denied 419 U.S. 1079, 95 S.Ct. 668, 42 L.Ed.2d 674 (1974). Whether or not *Bryan* continues to be mandatory in the light of the subsequent amendments to Rule 11 we do not here consider. Since the defendant's plea of guilty must be vacated, we note merely that prudence would indicate compliance with *Bryan* until the Court again addresses the issue.

The judgment dismissing appellant's motion to vacate his sentence is reversed, and the cause is remanded to the district court where Coody must be allowed to plead anew.

REVERSED AND REMANDED.