**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William B. CLARK, Defendant-Appellant.**

**No. 77–5508**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

June 15, 1978.

William Clark, pro se.

Michael Lowenberg, Michael P. Lynn, Robert E. Goodfriend, Dallas, Tex., for defendant-appellant.

Kenneth J. Mighell, U. S. Atty., Fort Worth, Tex., Shirley Baccus-Lobel, William O. Wuester, III, Asst. U. S. Attys., Dallas, Tex., for plaintiff-appellee.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Before THORNBERRY, GODBOLD and RUBIN, Circuit Judges.

PER CURIAM:

█ Rule 11, Federal Rules of Criminal Procedure, was amended in 1975 to clarify the procedure required to be followed when a court accepts a guilty plea from a defendant charged with the violation of a federal criminal law. The rule is mandatory, and literal compliance with its substance, not mere talismanic utterance of its words, is imperative. *United States v. Lincecum,* 5 Cir. 1978, 568 F.2d 1229; *United States v. Hart,* 5 Cir. 1978, 566 F.2d 977; *United States v. Adams,* 5 Cir. 1978, 566 F.2d 962; *United States v. Aldridge,* 5 Cir. 1977, 553 F.2d 922. When the issue of non-compliance with Rule 11 is raised on appeal, any consideration of actual prejudice to the defendant is unnecessary because the rule is prophylactic. *United States v. Lincecum, supra,* 568 F.2d at 1231.

William B. Clark had been charged by indictment with nine counts involving an elaborate scheme of securities fraud. As part of a plea bargain, the prosecution agreed to, and did, file a two-count information charging Clark with securities fraud in violation of 15 U.S.C. §§ 78j(b) and 78w(a), and misprision of a felony in violation of 18 U.S.C. § 4. Clark agreed to plead guilty to both of the charges in the information and to testify against the co-defendants named in the indictment.[1] Three days before his four co-defendants were tried on the indictment, Clark entered his guilty plea in the proceedings now challenged. Clark subsequently testified at his co-defendants' trial; they were convicted, and he was later sentenced. He now appeals his conviction on his guilty plea, asserting that the trial judge failed in several respects to comply with Rule 11.

The appeal raises a number of issues: whether the court sufficiently explained the charges;[2] whether a sufficient factual basis was established for acceptance of the plea;[3] and whether the court was required to explain the privilege against self-incrimination as it related to the misprision charge.

However, we need not reach the merits of any of the appellant's contentions. This court has held that, in reviewing an appeal from a conviction based on a guilty plea, this court has the duty of noting defects patent on the face of the record. *United States v. Coronado,* 5 Cir. 1977, 554 F.2d 166, 170 note 5, *cert. denied,* 1977, 434 U.S. 870, 98 S.Ct. 214, 54 L.Ed.2d 149. Our disposition of this case is determined by the existence here of such a defect.

█ In accepting Clark's guilty plea, the judge permitted the U. S. Attorney to advise the appellant of the maximum possible sentences for the charges, and did not do so personally. Because Rule 11 expressly requires that the judge *personally* address the defendant and determine that he understands the maximum possible penalties provided by the pertinent laws, the able and experienced trial judge's delegation of this task was reversible error. *United States v. Hart, supra* ; *United States v. Crook,* 5 Cir. 1976, 526 F.2d 708.

We are not unaware that our reversal of the defendant's conviction may raise unusual problems under the circumstances of this case: Clark's plea was part of a bargain with which, prior to this time, both the prosecutor and the defendant apparently have complied. It may not be possible simply to turn the clock back. Should the defendant now choose to enter a plea of not guilty, these and other problems may require consideration. At this juncture, however, any indication of our opinion with respect to the possible solution of these issues would be premature; it must suffice to say that we recognize that the sequelae

---

1. Our reference to the terms of this plea bargain should not be taken to imply approval or disapproval of this bargain. Rule 11 contemplates only certain specified concessions, F.R. Cr.P., Rule 11(e)(1). It has been suggested that other concessions may not be warranted by the terms of Rule 11. *See Bordenkircher v. Hayes,* 1978, — U.S. —, 98 S.Ct. 663, 668 note 8, 54 L.Ed.2d 604; Hoffman, Pleas of Guilty in the Federal Courts, 22 Practical Lawyer 11, 17 (Sept. 1, 1976).

2. Rule 11(c)(1), F.R.Cr.P.

3. Rule 11(f), F.R.Cr.P.

of our action may not be so simple as merely following a procedure that remedies the deficiencies of the previous one.

REVERSED AND REMANDED.