Lee Jackson KEEL, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 77-2019
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 15, 1978.

Rehearing En Banc Granted
June 19, 1978.

Frank S. Buck (Court Appointed), Birmingham, Ala., for petitioner-appellant.

J. R. Brooks, U. S. Atty., George C. Batcheler, Asst. U. S. Atty., Birmingham, Ala., for respondent-appellee.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

RONEY, Circuit Judge:

In taking Lee Jackson Keel's plea of guilty to bank robbery, the trial judge erroneously informed Keel that he could receive a maximum sentence of 45 years. In fact, the crime carried a maximum of 25 years. Although Keel received the 12-year sentence he had bargained for, we reverse on authority of the recent decisions of this Court which require literal compliance with the new Rule 11, Fed.R.Crim.P. *Government of Canal Zone v. Tobar T.*, 565 F.2d 1321 (5th Cir. 1978). *See also Coody v. United States*, 570 F.2d 540 (5th Cir. 1978); *United States v. Hart*, 566 F.2d 977 (5th Cir. 1978); *United States v. Adams*, 566 F.2d 962 (5th Cir. 1978).

Keel was indicted for attempted bank robbery [18 U.S.C.A. § 2113(a)], and for jeopardizing the life of a bank employee by the use of a dangerous weapon during the course of the attempted robbery [18 U.S.C.A. § 2113(d)]. Having initially pled not guilty, Keel indicated on the day set for trial, February 5, 1976, that he might change his plea to guilty.

Counsel informed the judge that under the terms of the plea bargain agreement they had reached, the prosecutor would recommend a 12-year sentence on a plea of guilty and would not oppose a 10-year sentence. The court accepted the plea and

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

imposed the recommended 12-year sentence. However, during the Rule 11 hearing to take the plea, the judge inadvertently informed Keel that the maximum sentence which could be imposed upon a plea of guilty was 45 years imprisonment, rather than 25 years. The judge had computed the maximum potential sentence by adding the maximum for violating 18 U.S.C.A. § 2113(a), which is $5,000 and twenty years imprisonment, to the maximum for violating *id.* § 2113(d), which is $10,000 and twenty-five years. This was clearly incorrect. While a defendant can be convicted on multiple subsections of § 2113, he may only receive a penalty under one subsection, that is, he may receive no more than the maximum sentence allowed under the subsection with the greatest penalty. *Sullivan v. United States,* 485 F.2d 1352, 1353–1354 (5th Cir. 1973). This is to prevent pyramiding of sentences for what is really a single offense with varying aggravating factors.

No appeal was taken. In May 1976, Keel moved for a reduction or modification of sentence. This motion was denied on May 31, 1976.

On February 17, 1977, just over a year after sentencing, Keel brought this habeas corpus proceeding to set aside that sentence. 28 U.S.C.A. § 2255. The district court dismissed Keel's motion to vacate the sentence in a thoroughly reasoned memorandum opinion holding that the unintentional mistake at the time of sentencing as to maximum punishment did not affect Keel's plea. The court relied on our *en banc* decision in *United States v. Woodall,* 438 F.2d 1317 (5th Cir. 1970), *cert. denied,* 403 U.S. 933, 91 S.Ct. 2262, 29 L.Ed.2d 712 (1971), which held that erroneous maximum sentence information would not invalidate a guilty plea where it did not influence the defendant to make the plea. *Garza v. United States,* 530 F.2d 1208 (5th Cir. 1976).

The line of cases upon which the court relied, however, were decided prior to the amendment of Rule 11, which now reads:

Rule 11. *Pleas*

(c) *Advice to Defendant.* Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:

(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any,

and the maximum possible penalty provided by law; . . .

Fed.R.Crim.P. 11 (as amended by Act of July 31, 1975, Pub.L.No. 94–64, § 3(b), 89 Stat. 370, effective Dec. 1, 1975). The trial court did not have available our recent decisions which require literal compliance with the plain language of the rule.

*Government of Canal Zone v. Tobar T.,* 565 F.2d 1321 (5th Cir. 1978), is factually most nearly in point. In *Tobar,* defendant was wrongly advised that the maximum allowable sentence was 15 years, when it was actually life imprisonment. Because of this error, this Court reversed and remanded to allow Tobar to replead. It seems clear that *Tobar* establishes a *per se* rule in this Circuit, although the panel opinion did not explicitly state this holding as such. Although it is not apparent from the opinion, the record shows that Tobar received the 15 years he was told was the maximum he could get. Thus, he was not prejudiced by the misinformation he received. Nevertheless, the Court held that "[b]ecause the district court failed to comply with Rule 11 in accepting Tobar's guilty plea, Tobar must be allowed to plead anew." The Court did not discuss any need for a showing of prejudice.

Keel's case is slightly different from Tobar's. In *Tobar,* the defendant was told the sentence was less than could be received. Here Keel was told it was more than he could receive. Were the case to turn on the effect this wrong information would have on the voluntariness of a defendant's plea, the difference might be important. But in the face of a rule that invalidates the plea unless there is literal compliance with the requirement that the court inform the defendant of the maximum sentence, the distinction between the two cases makes no difference in the result.

Other recent cases make it clear that the Fifth Circuit now requires strict compliance with the terms of new Rule 11 and that, upon a showing of a transgression of our *per se* rule, the defendant will be permitted to withdraw his guilty plea, whether challenged immediately by direct appeal or years later by habeas corpus. *United States v. Adams,* 566 F.2d 962 (5th Cir. 1978), came up on direct appeal as did *United States v. Hart,* 566 F.2d 977 (5th Cir. 1978). *Adams* holds the fact that defendant may have correct information does not protect a guilty plea when the court did not

personally give him the information. *Hart* requires withdrawal of the guilty plea even though the defendant was given all of the information required by Rule 11 in open court by the prosecutor, and the defendant, being addressed personally by the court, told the judge that he understood what he had been told by the prosecutor.

In *Coody v. United States,* 570 F.2d 540 (5th Cir. 1978), as in the present case, the challenge to the guilty plea proceedings was made by motion to vacate sentence, 28 U.S.C.A. § 2255. In it a panel of this Court holds a guilty plea invalid where the trial judge failed personally to state the maximum sentence, even though it appears that in court the Assistant United States Attorney did correctly advise the defendant. *Compare Del Vecchio v. United States,* 556 F.2d 106 (2d Cir. 1977).

█ The rule then is this: unless there is literal compliance with the requirements of Rule 11, Fed.R.Crim.P., at the time a guilty plea is accepted by the court, a criminal defendant must be allowed to plead anew, whether or not the noncompliance with Rule 11 prejudiced him.

█ Applying this rule to this case, Keel must be allowed to plead anew. The trial judge erroneously informed him that he could receive a 45-year maximum sentence, when in fact he could be sentenced to no more than 25 years. It is immaterial that— as found by the district judge—the mistake on the part of the judge was unintentional; defendant was not threatened, directly or indirectly, with a 45-year sentence should he not plead guilty; the erroneous advice occurred *after* Keel had indicated through his counsel a desire to plead guilty; the erroneous information did not influence defendant to change his plea from not guilty to guilty; or he actually received the 12-year sentence he had bargained for. Because the district judge failed to literally comply with Rule 11, Keel must be allowed to plead anew. Such is the law of the Fifth Circuit.

The judgment dismissing appellant's motion to vacate his sentence is reversed. This cause is remanded to the district court so that Keel may plead anew.

REVERSED AND REMANDED.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

Before BROWN, Chief Judge, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, MORGAN, CLARK, RONEY, GEE, TJOFLAT, HILL, FAY, RUBIN and VANCE, Circuit Judges.

BY THE COURT:

A majority of the Judges in active service, on the Court's own motion, having determined to have this case, reheard en banc,

IT IS ORDERED that this cause shall be reheard by the Court en banc on briefs without oral argument. The Clerk will specify a briefing schedule for the filing of supplemental briefs.