UNITED STATES of America,
Plaintiff-Appellee,

v.

Elizabeth Enid GRAY,
Defendant-Appellant.

No. 78–5237
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 16, 1978.

Steven G. Condos, George W. Gray, III, Dallas, Tex., for defendant-appellant.

Kenneth J. Mighell, U. S. Atty., Fort Worth, Tex., Arnaldo N. Cavazos, Jr., James A. Rolfe, Asst. U. S. Attys., Dallas, Tex., for plaintiff-appellee.

Before THORNBERRY, GODBOLD and RUBIN, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

This appeal from a conviction entered on a guilty plea challenges the trial court's procedure in accepting the plea on the basis of alleged noncompliance with Rule 11, Federal Rules of Criminal Procedure. When challenged on direct appeal, the trial court's failure to comply literally with the requirements of that rule obliges it to give the defendant an opportunity again to plead. *Government of Canal Zone v. Tobar T.*, 5 Cir. 1978, 565 F.2d 1321; *United*

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

*States v. Hart,* 5 Cir. 1978, 566 F.2d 977; *United States v. Adams,* 5 Cir. 1978, 566 F.2d 962; *United States v. Clark,* 5 Cir. 1978, 574 F.2d 1357. *Compare* the special concurrence by Judge Gee in *United States v. Adams,* 5 Cir. 1978, 566 F.2d 962, 969. These cases must be distinguished from cases in which the challenge was mounted in an attempt to secure post conviction relief, and presently awaiting rehearing en banc, *Keel v. United States,* 5 Cir. 1978, 572 F.2d 1135, *rehearing en banc granted,* 572 F.2d 1135; *Coody v. United States,* 5 Cir. 1978, 570 F.2d 541, *rehearing en banc granted,* 576 F.2d 106.

Although the defendant contends that the trial judge failed in several respects to comply with Rule 11, we find it necessary only to consider the objection that no inquiry at all was made into the question whether or not there had been any plea bargaining. Rule 11(d) requires: "The court *shall* also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the government and the defendant or his attorney." (Emphasis supplied.) The record is bare of any such inquiry, although the defendant was asked in connection with the voluntariness of the plea, "Has anybody talked you into pleading guilty against your own belief about it?" This obviously does not inquire into plea bargaining. *Compare Bryan v. United States,* 5 Cir. 1974, 492 F.2d 775, *cert. denied,* 1974, 419 U.S. 1079, 95 S.Ct. 668, 42 L.Ed.2d 674, decided prior to the 1975 amendment to Rule 11.

The record makes it evident that the experienced trial judge conducted a patient arraignment. Moreover, we are aware that no real prejudice to the defendant has been shown. Mindful, however, of the prophylactic purpose of the 1975 amendment to Rule 11 and the uniform jurisprudence both in this and other circuits that compliance with its procedures is mandatory, we must accord the defendant an oppor-

tunity again to plead after full observation of the procedures now requisite to the acceptance of a guilty plea. Considering the express mandate of Rule 11, it is, of course, immaterial that, as urged by the government, Miss Gray is "intelligent, well educated, and well traveled," or that she had retained counsel, or that her father "is a lawyer who stood by his daughter during these proceedings," or that the plea was entered after a Rule 20 transfer.

For these reasons, the judgment of conviction is REVERSED. The case is REMANDED to the district court so that the defendant may be accorded the opportunity to plead anew.

REVERSED AND REMANDED.