**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Charles M. KAHN, Defendant-Appellant.**

No. 78–5656
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Jan. 31, 1979.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Emmett Colvin, Dallas, Tex., David L. Botsford, G. Brockett Irwin, Longview, Tex., for defendant-appellant.

Kenneth J. Mighell, U. S. Atty., Fort Worth, Tex., Shirley Baccus-Lobel, Anne M. Srebro, Asst. U. S. Attys., Dallas, Tex., for plaintiff-appellee.

Before BROWN, Chief Judge, COLEMAN and VANCE, Circuit Judges.

PER CURIAM:

This is a direct appeal from a conviction following a plea of guilty to a charge of conspiracy to defraud the United States government in violation of 18 U.S.C.A. § 371. Appellant Kahn argues that his guilty plea was tainted by the District Court's failure to comply literally with the requirements of Rule 11, F.R.Crim.P.

■ Kahn points to several alleged deficiencies in the plea proceedings. We need not consider every one of these alleged errors, however, since even one deviation from the literal requirements of Rule 11 is reversible error on direct appeal. *See e. g., United States v. Clark,* 5 Cir., 1978, 584 F.2d 115; *United States v. Adams,* 5 Cir., 1973, 566 F.2d 962. *But cf. Keel v. United States,* 5 Cir. (en banc), 1978, 572 F.2d 1135 (showing of prejudice required in collateral challenge of Rule 11 proceedings).

■ In this case, the record shows that the District Court did not personally inform Kahn of the nature of the charge against him and the maximum punishment allowed. Nor was Kahn fully advised of those rights that he waived by his guilty plea. As the government concedes, this constitutes a failure to comply with the terms of Rule 11(c)(1) and (3), with the result that reversal is required. *United States v. Lincecum,* 5 Cir., 1978, 568 F.2d 1229; *United States v. Hart,* 5 Cir., 1978, 566 F.2d 977.

REVERSED AND REMANDED.